IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHRIS NAPIER,** **FREDRICK NAPIER and** **KENDRICK DUMES**     Plaintiffs, | **CIVIL ACTION NO.** |
| | **Jury Trial Demanded** |
| VS. | |
| **ROCKY BOTTOM TIMBER COMPANY, LLC and** **WILLIAM ELDER PARKER, IV,**     Defendants. | |

## COMPLAINT

Plaintiffs Chris Napier, Fredrick Napier and Kendrick Dumes ("Plaintiffs"), bring this Complaint against Rocky Bottom Timber Company, LLC ("Rocky Bottom") and William Elder Parker, IV ("Parker"), and show the Court as follows:

## INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (1) (FLSA) to recover due but unpaid hourly wages and overtime wages and an

additional like amount as liquidated damages; (2) to enjoin violations of the FLSA and; (3) and to be reimbursed the costs of litigation, including reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, §2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce. This Court has pendent supplemental jurisdiction under 28 USC §1367 over the Plaintiffs' cause of action for the contractual agreement to pay overtime wages.

4.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. §1391 because Rock Bottom's principle place of business is in the Middle District of Georgia. Defendant Parker can be served within the Middle District of Georgia and the events giving rise to the claims herein arise in the Middle District of Georgia.

## PLAINTIFFS

5.

Plaintiffs were employees of Rocky Bottom residing within the Middle District of Georgia.

## DEFENDANTS

6.

Defendant Rocky Bottom is a for profit corporation organized under the laws of the State of Georgia.

7.

At all times material hereto, Defendant Parker owned and operated Rocky Bottom Timber Company, LLC whose principle office is located at 118 Logwall Church, Forsyth, GA 31029.

8.

Rocky Bottom can be served with process, at its principle place of business located at 118 Logwall Church, Forsyth, GA 31029.

9.

Rocky Bottom is subject to the personal jurisdiction of this Court.

10.

At all times material hereto, Defendant Rocky Bottom has been "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Defendant Parker is subject to personal jurisdiction of this Court and can be served with process at 118 Logwall Church, Forsyth, GA 31029.

12.

At all times material, Defendant Parker has been an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

## ENTERPRISE COVERAGE

13.

At all times material, Rocky Bottom has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA §6(a), 29 U.S.C. § 206 (a) and "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," 29 U.S.C. §203(s) (a) (A) (i), as defined by 29 U.S.C. §203(s)(1)(A)(i) because their employees use trucks and heavy equipment that have travelled in interstate commerce.

14.

In all relevant years, Rocky Bottom had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of 29 U.S.C. §203(s)(1)(A).

## OPERATIVE FACTS

15.

Plaintiffs are or were "employees", as defined by FLSA §3(e)(1), 21USC §203(e)(1), employed within the three previous years of filing of the Complaint by Rocky Bottom.

16.

At all times material, Defendant Parker exercised operational control and supervising authority over the work activities of Plaintiffs and Defendant Parker scheduled Plaintiffs' working hours and supervised scheduling as well as exercised authority and supervision over Plaintiffs' compensation.

17.

For the three years previous to the filing of the Complaint Plaintiffs were employed by Defendant Rocky Bottom and for the three years previous to filing of the Complaint, have worked more than forty (40) hours in the work week. The Defendants Rocky Bottom and Parker paid Plaintiffs straight wages for 40 hours work but never paid Plaintiffs for the hours worked in excess of 40 hours and overtime premium pay for the hours worked in excess of forty 40 hours in the work week as required by the FLSA.

18.

Plaintiffs Fredrick and Chris Napier were truck drivers and reported to work at the forest job site at approximately 6:30am every workday and worked delivering final loads to the mills until approximately 7:00pm every workday. Some days the employees could not work due to rainy conditions at the forest work site. Truck drivers worked during the workweek in excess of 40 hours was approximately 22 1/2 hours for which they were not paid straight time hourly wages or overtime premiums. As truck drivers Plaintiffs Fredrick and Chris Napier were required to work on Saturdays were paid straight time for hours worked but not overtime premiums.

19.

Plaintiffs Fredrick and Chris Napier were not exempt under the Motor Carrier Exemption of the Fair Labors Standards Act as defined in 13(b)(1) because Plaintiffs were not involved in interstate travel across state lines or connected to an interstate terminal to continuum an interstate journey of goods. Plaintiffs Fredrick and Chris Napier were involved solely in intrastate trucking between the forest and mills located within the State of Georgia.

20.

Defendants agreed to pay overtime to employees working in excess of 40 hours in their employee handbook which is attached as Exhibit A providing, "any

hourly employee working 40 hours or more per week will receive overtime for those hours over 40." (A copy of the employee handbook is attached as Exhibit A).

## CAUSE OF ACTION -WILLFUL FAILURE TO PAY OVERTIME

21.

At all times material Plaintiffs Fredrick and Chris Napier have been "employees" covered by the FLSA and are entitled to hourly wages and overtime wages for all hours worked in excess of 40 hours at one and a half their regular rate of pay.

22.

FLSA 29 USC § 207 (a) (1) provides: "Except as otherwise provided in this section, no employer shall employ any of his employees… for a work week longer that forty hours unless such employees receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which they are employed."

23.

Plaintiffs Fredrick and Chris Napier have been at all times relevant required to work without payment for hourly wages and overtime compensation required by 29 U.S.C. §207 (a)(1) for those hours worked in excess of forty (40) in the work week.

24.

Defendants Rocky Bottom and William Parker, IV have a policy, practice and scheme of paying truck driver employees only 40 hours per workweek no matter if the employees worked in excess of forty (40) hours in a workweek.

25.

During the three years previous of filing of the Complaint, Defendants failed to compensate Plaintiffs Fredrick and Chris Napier for time worked in excess of 40 hours a week and overtime premiums in accordance with the FLSA.

26.

Defendants' pattern and practice of violating 29 U.S.C. §207 is unlawful under 29 U.S.C §215 (a)(2) which provides: "It shall be unlawful for any person- (2) to violate any of the provisions of …section 207 of this title, or any of the provisions of any regulation or order of the Secretary issued under section 214 of this title."

27.

Defendants Rocky Bottom and Parker's violations of the overtime provisions of the FLSA are willful and intentional.

## CAUSE OF ACTION- AGREEMENT TO PAY OVERTIME PREMIUMS

28.

At all times relevant Plaintiffs Fredrick Napier, Chris Napier and Kendrick Dumes were entitled to overtime wages which were agreed to in the Defendants' Employee Handbook providing, "any hourly employee working 40 hours or more per week will receive overtime for those hours over 40."

29.

The Defendants are contractually liable to the Plaintiffs Fredrick Napier, Chris Napier and Kendrick Dumes as agreed to in the Defendants' Employee Handbook which was contractually accepted by the act of the Plaintiffs continuing to work for the Defendants pursuant to the terms and conditions in the Employee Handbook.

## LIQUIDATED DAMAGES

30.

Plaintiffs Fredrick and Chris Napier are entitled to liquidated damages in addition to the damages set forth in the preceding paragraphs, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants Rocky Bottom and Parker have willfully and repeatedly violated the FLSA in not paying for hours worked and overtime premiums.

## COSTS AND ATTORNEYS FEES

31.

Defendants Rocky Bottom and Parker are indebted to Plaintiffs for the costs of litigation, including reasonable attorney's fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Chris Napier, Fredrick Napier and Kendrick Dumes pray judgement in their favor and for the following relief against Defendants Rocky Bottom and Parker:

(1) That Plaintiffs Fredrick and Chris Napier be awarded compensatory damages against the Defendants Rocky Bottom and Parker, jointly and severally, in an amount to be determined at trial for payment of the hours worked including overtime premiums in excess of 40 hours for each week during the three years previous to filing of the Complaint through present due under the FLSA, plus an additional like amount in liquidated damages;

(2) That the Court adjudge and declare that Defendants violated the payment for hours worked and overtime premiums pay

provisions of the FLSA as to Plaintiffs Fredrick and Chris Napier;

(3) That the Court adjudge and declare that Plaintiffs Fredrick and Chris Napier were at all relevant times entitled to be paid for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in each workweek, and that these amounts to which Plaintiff shall be doubled as liquidated damages and that Defendants jointly and severally shall pay those damages;

(4) That Defendants be preliminary and permanently enjoined from violating its legal obligations and duties under FLSA to pay for wages for all compensable working time as well as overtime premium and be required to keep accurate records of all compensable working time of its employees;

(5) That the Court make an award to Plaintiffs for amount of unpaid wages and overtime compensation, including interest theron, and penalties in an amount to be proved at trial;

(6) That the Court award monies owed to Plaintiffs Fredrick Napier, Chris Napier and Kendrick Dumes pursuant to the agreement to pay overtime premiums in the Employee

                Handbook and interest on the amount of any and all economic losses at the prevailing legal rate;

(7)    That the Court award Plaintiffs their attorneys' fees pursuant to 29 U.S.C. §216(b);

(8)    That the Court award Plaintiffs all costs of this lawsuit, and any and all such other relief as the Court may deem appropriate and proper; and

(9)    That Plaintiffs demands the claims herein be tried by jury

                *S/ McNeill Stokes*
                McNeill Stokes
                Georgia Bar Number: 683600
                Attorney for Plaintiffs

5372 Whitehall Place SE
Mableton, Georgia 30126
Telephone 404-352-2144
Email: mcstokes@bellsouth.net